1  **KAZEROUNI LAW GROUP, APC**
2  Yana A. Hart, Esq. (SBN: 306499)
   yana@kazlg.com
3  2221 Camino Del Rio S., Suite 101
   San Diego, CA 92108
4  Telephone: (619) 233-7770
5  Facsimile: (800) 520-5523

6
   *Attorneys for Plaintiff*
7  Justin K. Wang

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| **JUSTIN K. WANG,** | **Case No.:**   8:21-cv-00238 |
| **Plaintiff,** | **COMPLAINT FOR VIOLATIONS OF:** |
| **v.** | **(1) The Fair Debt Collection Practices Act, 15 U.S.C. 1692** *et seq.***;** |
| **RADIUS GLOBAL SOLUTIONS, LLC,** | **(2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788,** *et seq.***; and** |
| **Defendant.** | **(3) The Telephone Consumer Protection Act, 47 U.S.C. §227** *et seq.* |
| | **Jury Trial Demanded** |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

1. Justin K. Wang ("Plaintiff") brings this Complaint against Radius Global Solutions, LLC. ("Radius Global Solutions" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* ("Rosenthal"), and for negligent, knowing, and/or willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and alleges upon information and belief as follows:

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

COMPLAINT                                                          *Wang v. Radius Global Solutions*

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

5.   Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6.   As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8.   While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

9.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of the FDCPA, the Rosenthal Act, and the TCPA.

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

14. Plaintiff is a "person" as that term is used in 15 U.S.C. § 1692 *et seq*., California Civil Code § 1788.2(h), and California Civil Code § 1785.3(b). Plaintiff is also a resident of Orange County in the State of California.

15. Defendant is, and at all times mentioned herein, was a Limited Liability Company organized under the laws of Minnesota and headquartered in Edina, Minnesota. Defendant is authorized to and regularly conducts business within the State of California.

16. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

*Wang v. Radius Global Solutions*

17. This matter involves a "consumer credit transaction" i.e. a transaction between Plaintiff and Defendant (or its predecessor), in which property or money was acquired on credit primarily for personal, family, or household purposes. *See* Cal. Civ. Code §§ 1788.2(e), 1788.2(f), 15 U.S.C. § 1692a(5)

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(5).

19. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

**FACTUAL ALLEGATIONS**

20. Sometime prior to December 11, 2020, Plaintiff is alleged to have incurred certain financial obligations to the American Express Company, which were allegedly sold to Defendant for collection purposes (the "Debt").

21. American Express Company allegedly sold two accounts to Defendant, one account ending in 82001, and another account ending in 32006.

22. These allegedly incurred financial obligations were money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(f).

23. Plaintiff retained a law firm, Kazerouni Law Group, APC, in order to dispute the Debt.

24. Plaintiff's attorneys sent by mail, email, and facsimile a cease and desist letter to Defendant on December 11, 2020, specifically directing Defendant only to contact Plaintiff's attorneys in relation to the Debt, and to cease all communications to Plaintiff. The letter also stipulated that if any prior consent

- 5 -

existed for Defendant to contact Plaintiff personally, it was thereby revoked. The letter clearly indicated an address and telephone number which Defendant could use to reach Plaintiff's attorneys.

25. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(858) 740-XXXX.

26. On December 21 at 8:13 AM, Plaintiff received a call on his cellular telephone from the phone number (747) 215-3475.

27. Plaintiff did not answer the call.

28. The phone number (747) 215-3475 belongs to Defendant.

29. If the number (747) 215-3475 is dialed, a recorded voice states: "thank you for calling Radius Global Solutions."

30. Upon information and belief, the December 21 call was placed on behalf of Defendant from a phone number controlled by Defendant with the intent to collect a debt from Plaintiff.

31. This call was placed in blatant disregard for the Cease and Desist letter Plaintiff's attorneys had faxed to Defendant over two weeks prior.

32. Plaintiff was frustrated when he received the December 21 call because he was under the impression that Defendant was not entitled to contact him directly.

33. A few days later, on December 24, 2020, Plaintiff received a phone call from the number (844) 495-7183 at 8:33 a.m.

34. Plaintiff did not answer the December 24 phone call.

35. If the number (844) 495-7183 is dialed, a recorded voice states: "thank you for calling Radius Global Solutions."

36. Since Radius is a collection agency and the parties do not have any other business relationship, Defendant placed this call to collect a debt from Plaintiff.

37. This call was placed in blatant disregard for the cease and desist letter Plaintiff's attorneys had faxed to Defendant over two weeks prior.

*Wang v. Radius Global Solutions*

38.   Plaintiff was frustrated when he received the December 24 phone call because he was under the impression that Defendant was not entitled to contact him directly.

39.   On December 28, 2020, Plaintiff received yet another call from the phone number (844) 495-7183 at 8:45 a.m.

40.   Upon information and belief, the December 28 call was placed by Defendant to collect a debt from Plaintiff.

41.   On January 11, 2021, Plaintiff received yet another call from the phone number (844) 495-7183 at 8:45 a.m.

42.   The January 11 call was placed by Defendant to collect a debt from Plaintiff.

43.   On January 21, 2021, Plaintiff received another phone call from the (747) 215-3475 phone number at 11:29 a.m.

44.   Upon information and belief, the January 21 call was placed by Defendant to collect a debt from Plaintiff.

45.   On January 22, another call followed from 747-215-3579, and the Caller ID reflected "Radius Glbl Slt."

46.   The week of January 25, Defendant placed at least 3 additional collection calls to Plaintiff. Frustrated, Plaintiff answered these calls, but no one was on the line. He listened to silence, and then the call was dropped.

47.   There were two calls on January 25, 2021 (at 8:27 and 11:41), January 27 (at 9:54 am) and at 8:19 am.

48.   All of these calls reflected the same caller ID ("Radius Glbl Slt"), and were from similar numbers – 944-495-7183 (1/25), 747 215-3523 (1/27), and 844-495-7183 (1/28).

49.   The pattern, repeated nature of the calls, similar times of when the calls placed, the various numbers that are used to place the calls, and the fact that no human is on the line when these calls are answers show the robotic and automated nature of the dialing system used by Defendant.

*Wang v. Radius Global Solutions*

50.  Plaintiff was frustrated when he continued to receive phone calls from Defendant several weeks after the cease and desist letter was sent.

51.  Defendant used harassing means and called Plaintiff on his personal cell phone in furtherance of its debt collection efforts, which was lawfully only to be communicated to Plaintiff's attorney.

52.  Upon information and belief, no human directed the calls to Plaintiff's cell phone.

53.  In addition, upon information and belief, the hardware and software combination utilized by Defendant has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

54.  Upon information and good faith belief, and in light of fact that Defendant consistently called Plaintiff after receipt of the cease and desist letter sent to Defendant by Plaintiff's counsel, the calls at issue were dialed *en masse* to a list of Defendant's debtors by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

55.  Defendant did not place any of the calls for emergency purposes.

56.  Plaintiff never did not authorize Defendant to make any pre-recorded or automated robotic calls to his cellular number. In fact, Plaintiff had specifically directed Defendant to contact him solely through his attorneys.

57.  As a result of Defendant's actions, Plaintiff experienced stress, frustration, and mental anguish.

## **STANDING**

58.  Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is

traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### The "Injury In Fact" Prong

59.  Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo. Spokeo*, 136 S.Ct. at 1547.

60.  For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists.  *Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant placed several phone calls to Plaintiff's cellular telephone, using an ATDS. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

61.  For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543.  In this case, Defendant invaded Plaintiff's privacy and peace by calling his cellular telephone, and did this with the use of an ATDS.  Furthermore, Plaintiff was distracted and annoyed by having to take time, taking out his cell phone to see who was calling him. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative class.

### 15 U.S.C. § 1692c

62.  The Rosenthal Act incorporates its federal counterpart, the FDCPA through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692c, which states:

> without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt- … (2) if the debt collector knows the consumer is represented by an attorney with respect to such

debt and has knowledge of, or can readily ascertain, such attorney's name and address" 15 U.S.C. § 1692c(a)(2).

63. Defendant was made aware by Plaintiff's attorneys on December 11, 2020 that Plaintiff was represented by counsel, that Defendant was not authorized to communicate with Plaintiff in relation to the Debt or any other matter, and that any prior consent which may have existed was revoked. The December 11 letter clearly indicated the name and address of Plaintiff's attorneys.

64. Defendant repeated calls after December 11, 2020 to Plaintiff directly are in violation of the cease and desist letter.

65. Defendant's repeated calls were placed in furtherance of collecting upon a debt.

66. Therefore, Defendant violated 15 U.S.C. § 1692c(a)(2).

67. Because the Rosenthal Act incorporates the relevant section of the FDCPA, for the above reasons, Defendant violated 15 U.S.C. § 1692c(a)(2) and Cal. Civ. Code §1788.17.

## CAUSES OF ACTION
### Count I
### Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692 *et seq.*

68. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

69. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

70. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

- 10 -

**Count II**

**Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)**

**Cal. Civ. Code §§ 1788-1788.32**

71. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

72. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

73. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

**Count III**

**Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)(1)(A)(iii)**

74. Plaintiff incorporates herein all preceding factual allegations.

75. Defendant and/or its agents placed calls to Plaintiff's cellular telephone using an ATDS in order to collect a private debt.

76. Defendant made these calls *en masse* without the consent of Plaintiff.

77. Defendant's conduct was negligent, or willful or knowing.

78. Defendant has, therefore, violated 47 U.S.C. §227(b)(1). As a result of Defendant's conduct, Plaintiff is entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

79. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by placing calls, except for

COMPLAINT                                                     *Wang v. Radius Global Solutions*

emergency purposes, to any cellular telephone numbers using an ATDS in the future.

80. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by utilizing an ATDS to make debt collection calls to Plaintiff's cellular telephone number without prior express written consent.

81. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2), Plaintiff, is entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

• An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

• Any other relief this Court should deem just and proper.

### SECOND CAUSE OF ACTION

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

• An award of actual damages pursuant to California Civil Code § 1788.30(a);

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

COMPLAINT                                                   *Wang v. Radius Global Solutions*

- • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

- • Any other relief this Court should deem just and proper.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227(b)(1)(A)(iii)

- • An award of statutory damages of $500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 per unlawful call made to Plaintiff;

- • An award of treble damages under 47 U.S.C. § 227(b)(3)(C);

- • An award of any pre-judgment and post-judgment interest as may be allowed under the law;

- • An order enjoining Defendant from calling Plaintiff using an ATDS for non-emergency purposes in the future; and

- • Any other relief this Court should deem just and proper.

### DEMAND FOR JURY TRIAL

82.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

KAZEROUNI LAW GROUP, APC

Date: February 5, 2021                     By:  _s/ Yana Hart_
                                                  Yana Hart, Esq.
                                                  *Attorneys for Plaintiff*

COMPLAINT                                        *Wang v. Radius Global Solutions*